UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DELMAR HENDERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>G. AGAME, et al.,<br><br>　　　　Defendants. | Case No. 1:20-cv-00635-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE**<br><br>(Doc. 10) |

Plaintiff requests the appointment of counsel to represent him in this action.[1] (Doc. 10.) Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

---

[1] The Court notes that Plaintiff filed a form motion for appointment of counsel under 42 U.S.C. § 2000e-5(f)(1), which applies to certain employment cases. This action is not an employment case; it is a civil rights action under 42 U.S.C. § 1983. (*See* Doc. 1.) The Court therefore disregards the references to section 2000e-5.

complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court does not find the required exceptional circumstances. Even if the Court assumes Plaintiff is not well versed in the law and has made serious allegations that, if proven, would entitle him to relief, his case is not extraordinary. The Court is faced with similar cases almost daily. In addition, at this stage in the proceedings, the Court cannot make a determination on whether Plaintiff is likely to succeed on the merits; and, based on a review of the records in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Accordingly, the Court DENIES Plaintiff's motion for the appointment of counsel without prejudice.

IT IS SO ORDERED.

Dated:   **August 5, 2020**              **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE